## WALLACE v. TAYLOR, ET AL.

1. In a motion by the clerk of the Supreme Court against a sheriff and his sureties for failing to pay over moneys collected upon an execution for costs, issued from the Supreme Court, it is necessary that the notice of the motion should show, that a demand of the money was made of the sheriff, or of the surety sought to be charged.

Writ of error to the Circuit Court of Butler.

MOTION, under the statute, by Wallace, as clerk of the Supreme Court, in the name of Arrington, the notice of which issued to J. B. Windham, as sheriff of Butler, and to Taylor, Smith, Womack and Otts, as his sureties, for failing to pay over the amount of a certain *fi. fa.* for costs, issued at the suit of Arrington, against one Jones, and returned satisfied by the said sheriff. Notice of the motion was served upon Taylor and Smith, and as to the others, the notice was returned not found.

Neither in the motion, nor the notice served, is there any averment that the money was ever demanded of the sheriff, or of his sureties. The defendants served with process demurred to the notice of the motion for this reason; and the Court sustained the demurrer, and gave judgment for the defendants. This is now assigned as error.

J. COCHRAN, for the plaintiff in error, cited Clay's Dig. 311,

§§ 31, 32; Ib. 310 § 24; Hughes v. Hall, 5 Ala. Rep. 63; Clay's Dig. 536, § 14.

COOK, contra.

GOLDTHWAITE, J.—The plaintiff insists that the service of the notice, that a motion would be made, is sufficient, as the duty of the sheriff is to render the money collected to the clerk, by mail. The act of 1839, it is true, makes it the duty of any sheriff, or other officer, having collected money upon an execution for costs, issued from the Supreme Court, to render the same to the clerk, according to the exigencies of the writ; and provides also, that in case he fail to pay the moneys made by him as aforesaid, he and his sureties shall be subject to a judgment, upon motion to the Circuit Court, upon ten days notice. If this enactment was the only one upon the subject, we should be strongly inclined to hold that no demand was necessary, as it was made the duty of the sheriff, &c., to render the money to the clerk, and another section of the same act, where the motion is against the sheriff for not returning, allows him to discharge himself by showing the certificate of the post master, that he deposited the execution, sealed up with the amount of money collected thereon, directed to the clerk, &c. [See Clay's Dig. 310, §§ 22, 23, 24.] But the subsequent act of 1840, in reference to the same subject matter, provides that it shall be lawful for the clerk to commence and prosecute any motion, against any sheriff, for failing to pay over money made on any execution, *on demand made*, under the same rules and regulations as govern motions against such officers when executions issue from the Circuit Courts. [Clay's Dig. 311, § 31.] The legislature has, it seems, by inserting in this enactment the words, *on demand made*, restricted the right of the clerk to move, upon producing the execution returned satisfied, to such cases only, where the failure to pay over the money continues after the demand of it. Whether the demand is to be made of the sheriff personally, in order to render him and all his sureties liable, is a question not raised here, but we consider it quite probable, that such would be its effect. If, as supposed by the argument submitted, the sheriff has absconded, the demand of such sureties as were intended to be charged by the motion, would probably have the effect to render them liable.

Having ascertained that a demand is necessary, before either the sheriff or his sureties can be charged for a failure to pay over money collected upon an execution, it follows that it must be averred, as it is made the condition of the motion. [Barber v. Peck, 1 S. & P. 486; Broughton v. State Bank, 6 Porter, 48.] Judgment affirmed.